**Dennis H. OSLUND, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. No. 4–88–323.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 20, 1988.

Roderick J. Macpherson, III, Minneapolis, Minn., for plaintiff.

Mary E. Carlson, Asst. U.S. Atty., Minneapolis, Minn., for defendant.

MEMORANDUM OPINION
AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Dennis Oslund brings this action against the United States, alleging negligence and medical malpractice by the Veterans Administration Medical Center–Minneapolis (VA). The action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (FTCA). Jurisdiction is alleged under 28 U.S.C. § 1346(b). Presently before the court is defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

The background facts are set forth in affidavits submitted by both sides. Although the parties disagree about many facts, much of the background is undisputed. Oslund is a veteran of two tours of duty in Vietnam, the last of which ended in 1972. Since returning he has experienced severe difficulties readjusting to civilian life. Plaintiff's unrebutted affidavits describe in lurid detail some of the traumatic experiences he underwent in Vietnam. They similarly describe the difficulties he has faced since his return, including mental illness, drug abuse, criminal conduct, severe social dysfunction, suicidal and self-destructive tendencies, and general withdrawal from society.

Oslund has sought psychiatric treatment from the VA at various times since his return. He was initially diagnosed by the VA as suffering from a personality disorder. Since 1980, however, he has been diagnosed as suffering from severe, chronic, post-traumatic stress disorder (PTSD). In 1979 Oslund suffered a traumatic flashback and entered psychiatric treatment at the Minneapolis VA. He alleges that after he had been in treatment for several months he was drawn into an improper

relationship with Caryn Crimmel, a member of his treatment team. He claims that while he was in a vulnerable emotional state, Crimmel engaged him in a sexual relationship that lasted several months and that she encouraged him to use illegal drugs. That is the basis for his present claims of negligence and professional malpractice.

Caryn Crimmel was employed at the VA as an intern occupational therapist from January to April 3, 1980. Oslund claims that Crimmel's conduct constituted malpractice, for which the VA is vicariously liable under the doctrine of respondeat superior. He also alleges that the VA is directly liable for negligently supervising Crimmel.

Oslund alleges that at Crimmel's prompting he left treatment in June 1980, and joined her in Colorado. The relationship ended shortly after he arrived, and Oslund relapsed into a severe recurrence of PTSD. This resulted in recurrent suicidal tendencies, self-destructive behavior, and near total withdrawal from society. Oslund also claims that Crimmel's conduct and the VA's response to it caused him to lose trust in the VA's ability to help him. He claims that he has recently begun to recover from the recurrence of PTSD after beginning therapy with a Minneapolis psychiatrist, Dr. Roger Kollmorgen, who is a Vietnam veteran, but is not affiliated with the VA. He alleges that only since 1985 has he been capable of understanding that the incident with Crimmel caused his incapacity. He argues that he was therefore unable to pursue any legal remedies until after 1985.

Defendant moves to dismiss Oslund's complaint for lack of subject matter jurisdiction. It alleges that the claims are time-barred by the statute of limitations and that the medical malpractice claims are deficient because they do not comport with Minn.Stat. § 145.682 (1986) (requires expert affidavit to support malpractice allegations).

*Statute of Limitations*

The FTCA is a statutory exception to the government's general immunity from suit. Any condition which is placed on that exception, such as the statute of limitations, should be strictly construed. *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957). Defendant contends that this court must dismiss the action for lack of subject matter jurisdiction because the claim was not timely commenced before the administrative agency within the two year statute of limitations contained in 28 U.S.C. § 2401(b).[1] *Radman v. United States,* 752 F.2d 343, 344 (8th Cir.1985) (compliance with § 2401 is jurisdictional prerequisite to suit). Defendant asserts that plaintiff's right to sue accrued before April 3, 1980, when Crimmel left the VA. Oslund's administrative claim was filed nearly seven years later, and denied on October 20, 1987. The parties agree that the statute of limitations begins to run in this type of FTCA malpractice action when the plaintiff "[should have made an inquiry] to have discovered that he probably had a good cause of action." *United States v. Kubrick,* 444 U.S. 111, 123, 100 S.Ct. 352, 360, 62 L.Ed.2d 259 (1979).

Defendant presents evidence suggesting that Oslund understood both the fact and cause of his alleged injury soon after he left the VA in 1980. It presents affidavit testimony from Crimmel and various VA personnel recounting that Oslund threatened to sue Crimmel and the VA over the incident as early as 1980 and 1981.

Plaintiff's affidavits paint a different picture. Several of Oslund's treating psychiatrists and psychologists describe Oslund as "agitated," "combative," and "disengaged." They note his frequent flashbacks to Vietnam and his tendency to live in isolated combat-imitating settings. They describe his habits of compulsive cross-county driving reminiscent of tank "thun-

---

1. A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
28 U.S.C. § 2401(b) (1978).

der runs" in Vietnam. Dr. Wilson states that Oslund is incapable of "rational, lineal, sequential thinking" necessary to pursue a lawsuit. Wilson affidavit, paragraph 12. Wilson and Kollmorgen contend that Oslund did not understand until 1985 that the recurrence of PTSD was due to his experiences with Crimmel.

On a motion to dismiss for lack of subject matter jurisdiction the court may look beyond the pleadings and consider the entire record. *Mortensen v. First Federal Savings & Loan Ass'n,* 549 F.2d 884, 891 (3rd Cir.1977). When jurisdiction is challenged based upon a statute of limitations, plaintiff has the burden of proving that the action was timely filed or that the statute should be tolled. *Wollman v. Gross,* 637 F.2d 544, 549 (8th Cir.1980) *en banc hearing denied,* 646 F.2d 1306, *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981). Defendant suggests that its motion should be granted unless plaintiff proves conclusively that the statute should be tolled. A plaintiff who opposes a Rule 12(b)(1) motion is not entitled to have disputed facts presumed in his favor. *Mortensen,* 549 F.2d 891; *Thornhill Publishing Co. v. General Telephone & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir.1979). Nevertheless, such a plaintiff is not required to prove his position conclusively at this stage of the litigation. *See Thornhill Publishing Co.,* 594 F.2d at 733–34 (if factual disputes regarding jurisdiction are tied to the merits, court has jurisdiction to proceed to merits). The motion to dismiss should be denied if plaintiff's theory for tolling the statute of limitations is legally sound and supported by reasonably disputed facts.

As a general rule, mental incompetence alone does not permit the FTCA statute of limitations to be tolled. *Casias v. United States,* 532 F.2d 1339, 1342 (10th Cir.1976). But when a plaintiff's mental incapacity is the result of the government's alleged negligence, and the injury limits the plaintiff's capacity to comprehend his injury and its cause, tolling may be appropriate. *See,*

*e.g., Simmons v. United States,* 805 F.2d 1363 (9th Cir.1986) (FTCA claim not time-barred four years after improper sexual relationship with therapist caused severe emotional harm and plaintiff did not learn for four years that her psychological injuries flowed from the misconduct). *See also Clifford by Clifford v. United States,* 738 F.2d 977 (8th Cir.1984) (statute tolled for comotose patient until guardian appointed who had requisite knowledge of injury and ability to act); *Zeidler v. United States,* 601 F.2d 527 (10th Cir.1979) (lobotomies performed in 1947 and 1948; evidentiary hearing required to determine plaintiff's mental capacity between then and 1977 when FTCA action filed).

■ Plaintiff has presented strong evidence that he has been severely dysfunctional since 1980 and only recently has had the capacity to understand that the recurrence of PTSD was related to the incident with Crimmel. The ultimate resolution of whether the statute should be tolled must wait until trial. At trial both sides may present their conflicting evidence, and the trier of fact will decide the issue. Defendant's motion to dismiss for lack of subject matter jurisdiction should therefore be denied.

*Minn.Stat. § 145.682*

The parties agree that under the FTCA, plaintiff's malpractice claim is governed by Minnesota law. *Mandel v. United States,* 793 F.2d 964, 968 (8th Cir.1986) (apply law of the place where the alleged tortious act occurred). Defendant urges that this claim should be dismissed because plaintiff has failed to comply with Minn.Stat. § 145.682.[2] That statute requires certain affidavits verifying that the allegations of malpractice are well-founded:

> *Subd. 2. Requirement.* In an action alleging malpractice ... as to which expert testimony is necessary to establish a prima facie case, the plaintiff must: (1) unless otherwise provided in subdivision 3, paragraph (b), serve upon defendant with the summons and complaint an affi-

---

**2.** For purposes of this motion only, defendant does not challenge whether a claim for professional malpractice may be brought against an intern occupational therapist.

davit as provided in subdivision 3; and (2) serve upon defendant within 180 days after commencement of the suit an affidavit as provided by subdivision 4.

*Subd. 3. Affidavit of expert review.* The affidavit required by subdivision 2, clause (1), must be by the plaintiff's attorney and state that:

(a) the facts of the case have been reviewed by the plaintiff's attorney with an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial and that, in the opinion of this expert, one or more defendants deviated from the applicable standard of care and by that action caused injury to the plaintiff; or

(b) the expert review required by paragraph (a) could not reasonably be obtained before the action was commenced because of the applicable statute of limitations. If an affidavit is executed pursuant to this paragraph, the affidavit in paragraph (a) must be served on defendant or the defendant's counsel within 90 days after service of the summons and complaint.

*Subd. 4. Identification of experts to be called.* The affidavit required by subdivision 2, clause (2), must be by the plaintiff's attorney and state the identity of each person whom plaintiff expects to call as an expert witness at trial to testify with respect to the issues of malpractice or causation, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Answers to interrogatories that state the information required by this subdivision satisfy the requirements of this subdivision if they are signed by the plaintiff's attorney and served upon the defendant within 180 days after commencement of the suit against the defendant.

The parties or the court for good cause shown, may by agreement, provide for extensions of the time limits specified in subdivision 2, 3, or this subdivision. Nothing in this subdivision may be construed to prevent either party from calling additional expert witnesses or substituting other expert witnesses.

*Subd. 5. Responsibilities of plaintiff as attorney.* If the plaintiff is acting pro se, the plaintiff shall sign the affidavit or answers to interrogatories referred to in this section and is bound by those provisions as if represented by an attorney.

*Subd. 6. Penalty for noncompliance.* Failure to comply with subdivision 2, clause (1) within 60 days after demand for the affidavit results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case.

Failure to comply with subdivisin 2, clause (2) and subdivision 4 results, upon motion, in mandatory dismissal with prejudice of each cause of action as to which expert testimony is necessary to establish a prima facie case.

Minn.Stat. § 145.682 (1986).

Plaintiff argues that Minn.Stat. § 145.682 should not apply because it is a procedural statute and inconsistent with the Federal Rules of Civil Procedure. *United States v. Yellow Cab Co.*, 340 U.S. 543, 553, 71 S.Ct. 399, 406, 95 L.Ed. 523 (1951) (apply federal procedural law in FTCA cases). He asserts that the Minnesota Court of Appeals has described § 145.682 as procedural in nature. *Parker v. O'Phelan*, 414 N.W.2d 534 (Minn.App. 1987), *aff'd*, 428 N.W.2d 361 (Minn.1988). Plaintiff attempts to distinguish *Hughes v. Mayo Clinic*, 834 F.2d 713 (8th Cir.1987), *cert. denied* —— U.S. ——, 108 S.Ct. 2857, 101 L.Ed.2d 894 (1988) (action dismissed for failure to file expert affidavit required by § 145.682), by arguing that it was a diversity action, rather than a federal question under the FTCA.

The primary purpose of the statute is "to eliminate nuisance malpractice suits by establishing a process where affidavits of expert review are required to verify the lawsuit's validity." *Id.* at 537. It requires mandatory dismissal of complaints under specified circumstances, while allowing courts some discretion to extend deadlines for good cause. *Id.* This mandatory dismissal language seems intended to apply to

all malpractice claims brought under Minnesota law, and is more than a procedural rule. Although plaintiff characterizes the statute as purely procedural, the language requiring mandatory dismissal of claims has a jurisdictional component. *See Parker v. O'Phelan*, 414 N.W.2d at 538.

 After careful consideration of the statute and cases construing it, the court concludes that § 145.682 is not the sort of purely procedural rule which should be preempted by the Federal Rules in federal question cases. If the contrary was true, the anomolous result would be that the federal government would be exposed to liability when a cause of action involving similar conduct would be dismissed in a diversity case or in a state court action. The more reasonable view is that compliance with § 145.682 is necessary in any claim of malpractice under Minnesota law, no matter how the court obtains jurisdiction over the claim.

Defendant urges that plaintiff's malpractice claims must be dismissed becaue § 145.682 was violated in two ways. It alleges that plaintiff did not serve an affidavit along with his summons and complaint, in violation of § 145.682 Subd. 2(1), and failed timely to respond to interrogatories, in violation of Minn.Stat. § 145.682 Subd. 2(2).

Plaintiff's admitted failure to file an affidavit accompanying the summons and complaint does not warrant dismissal of his claim, however. Dismissal is only called for under the "penalty" portion of the statute if plaintiff fails to submit the affidavit within 60 days after demand for the affidavit. Minn.Stat. § 145.682 subd. 6. Defendant has not made any such demand.

The affidavits required by Subd. 2(2) must be filed within 180 days and may be substituted by answers to interrogatories which state the same information and are served within the same 180 day period. § 145.682 subd. 4. Plaintiff has apparently complied with this requirement by filing amended answers to interrogatories within the 180 day period. He therefore has complied with the letter of the statute, and

dismissal of the malpractice claim is not warranted.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1) Defendant's motion to dismiss plaintiff's action for lack of subject matter jurisdiction is denied.

2) Defendant's motion to dismiss plaintiff's malpractice claim under Minn.Stat. § 145.682 is denied.