**Robert E. HILL, individually and as parent and next friend of Tasha R. Hill, a minor; and Cynthia G. Hill, individually and as parent and next friend of Tasha R. Hill, a minor, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 90–B–1071.**

United States District Court, D. Colorado.

Nov. 27, 1990.

Shelly B. Don, Shelly B. Don, P.C., Denver, Colo., for plaintiffs.

James W. Winchester, Litigation Counsel, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This is an action under the Federal Tort Claims Act (FTCA). Robert and Cynthia Hill (Hills) allege that their daughter, Tasha R. Hill, received negligent medical treatment while admitted to Evans Army Community Hospital and Fitzsimons Army Medical Center in Colorado. The United States has moved to dismiss contending that: (1) the Hills failed to comply timely with the certificate of review requirements of Colo.Rev.Stat. § 13–20–602; (2) the Hills failed to state a claim for negligent infliction of emotional distress because they failed to allege that they were placed in fear for their own safety; and (3) the Hills failed to state a claim for negligent misrepresentation because the United States cannot be held liable for misrepresentations. I deny the motions.

Federal Rule of Civil Procedure 12(b)(6) provides that defendants may state as a defense "failure to state a claim upon which relief can be granted." I review the complaint liberally and in the light most favorable to the Hills. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### I. Certificate of Review

■ The United States argues that plaintiffs suing under the FTCA for medical malpractice must comply with the Colorado state requirement that in medical malpractice actions, plaintiffs must file a certificate of review by a licensed physician certifying that their claim is made with "substantial justification." Colo.Rev.Stat. § 13–20–602. Failure to so certify, the United States contends, requires mandatory dismissal of the action. Colo.Rev.Stat. § 13–20–602(4).

I apply Colorado state substantive malpractice law and federal procedural law under the FTCA. *See United States v. Yellow Cab Co.*, 340 U.S. 543, 553, 71 S.Ct. 399, 406, 95 L.Ed. 523 (1951) (apply Federal Rules of Civil Procedure in FTCA actions).

The United States argues that the Colorado certificate of review statute is substantive.

In *Oslund v. United States*, 701 F.Supp. 710, 712–14 (D.Minn.1988), the district court held that Minnesota's affidavit requirement, Minn.Stat § 145.682, applied in FTCA medical malpractice actions as substantive law of the state. The court reasoned that "the language requiring mandatory dismissal of claims has a jurisdictional component." *Oslund* at 714. Under a contrary conclusion, the court stated, "the anomalous result would be that the federal government would be exposed to liability when a cause of action involving similar conduct would be dismissed in a diversity case or in a state court action." I find this rationale persuasive. Consequently, I conclude that Colorado's certificate of review mandate applies here.

■ I need not dismiss, however. The Hills have moved to file a certificate of review out of time. I may grant such a request "for good cause shown." Colo. Rev.Stat. § 13–20–602(1). I find good cause because the statute's application to a FTCA medical malpractice action is a novel issue in this District and the Tenth Circuit. Furthermore, I find that the delay in filing the certificate in no way prejudices the United States.

### II. Negligence

The United States contends that the first claim for relief, labeled as one for negligence, is more precisely one to recover for negligent infliction of emotional distress. The United States asserts that I should dismiss this claim on the ground that the Hills fail to allege in their complaint that the negligence placed them in fear for their safety. *See Kimelman v. City of Colorado Springs*, 775 P.2d 51, 52 (Colo.App. 1988), *cert. denied*, —— U.S. ——, 110 S.Ct. 512, 107 L.Ed.2d 514 (1989). I disagree with the United States' characterization of the claim and thus deny this portion of their motion.

■ The claim is not solely for recovery for emotional injury, but alleges economic losses as well. Rule 12(b)(6) is not the

appropriate vehicle to strike objectionable portions of a complaint.

### III. MISREPRESENTATION

■ The United States contends that the second claim for relief, labeled as one for negligent misrepresentation, must be dismissed because the United States is immune from liability on misrepresentation claims. *See* 28 U.S.C. § 2680(h). Although this section provides a misrepresentation exception to the FTCA, that exception does not apply in this non-commercial, medical malpractice context.

To the extent a claim seeks relief for economic losses resulting from misrepresentations in a commercial context, the United States is immune. Here, however, the claim is for damages caused by medical malpractice. The claim alleges that "the Defendant negligently gave false information to the Plaintiffs conveying the false impression that Tasha Hill's condition was improving during their treatment of her and that Plaintiffs, in reliance upon these communications, failed to seek other treatment alternatives that would have been available." Plaintiffs' Response to Motion to Dismiss, at 3. This claim is, in substance, one for medical malpractice.

I conclude, as have several courts before me, that the misrepresentation exception to the United States' waiver of immunity is inapplicable in malpractice cases. *See, e.g., Keir v. United States*, 853 F.2d 398, 410–11 (6th Cir.1988); *Ramirez v. United States*, 567 F.2d 854, 856–57 (9th Cir.1977); *Phillips v. United States*, 508 F.Supp. 544, 547–48 (D.S.C.1981); *see also Hicks v. United States*, 511 F.2d 407, 413–14 (D.C. Cir.1975); *Betesh v. United States*, 400 F.Supp. 238, 241 (D.D.C.1974). This interpretation of the misrepresentation immunity section is consistent with the legislative history of the FTCA. The refusal of congress to adopt an amendment specifically retaining immunity in malpractice actions supports the conclusion that Congress did not intend to defeat actions for malpractice against the United States. *See Keir*, 853 F.2d at 411; *Ramirez*, 567 F.2d at 857.

Accordingly, it is ORDERED that

(1) The United States of America's Motions to Dismiss are DENIED;

(2) Robert and Cynthia Hill may file their tendered certificate of review out of time.