**In the Matter of the Application of Phyllis SITTER.**

**Civ. No. 3–95–MC73.**

United States District Court, D. Minnesota, Third Division.

Feb. 26, 1996.

Patrick Kent Costello, Muir Costello & Carlson, Jackson, MN, Michael L. Zenor, Zenor & Houchins, Spencer, IA, for Phyllis Sitter.

William R. Stoeri, Nicholas Andrew James Vlietstra, Dorsey & Whitney, Mpls., MN, Ann E. Decker, Mayo Clinic Legal Dept., Rochester, MN, for Mayo Clinic.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Petition of Phyllis Sitter ("Sitter") for leave to conduct discovery, under Rule 27, Federal Rules of Civil Procedure, in advance of filing a Summons and Complaint.

A Hearing on the Petition was conducted on February 22, 1996, at which time Sitter appeared by Michael L. Zenor, Esq., and the Mayo Clinic appeared, in opposition, by William R. Stoeri, Esq.

For reasons which follow, we deny the Petition.

### II. *Discussion*

In November of 1994, Gary Sitter, who was Sitter's former husband, underwent an unsuccessful cardiac bypass operation at the Mayo Clinic, which resulted in his death. A review of the decedent's medical records has revealed that, in attempting to resuscitate the decedent, following his cardiac arrest, his right ventricle was found to contain "much air." The medical notations, however, do not reveal the mechanism by which the air was allowed to enter the decedent's heart. Theorizing that negligence, on the part of one or more of the health care professionals at the Mayo Clinic, may have caused the decedent's death, Sitter is contemplating the commencement of a medical malpractice action.

Under Minnesota law, the plaintiff, "[i]n an action alleging malpractice * * * against a health care provider[,] which includes a cause of action as to which expert testimony is necessary to establish a prima facie case[,]" must, unless otherwise excused, "serve upon the defendant[,] with the summons and complaint[,] an affidavit" that expresses a qualified expert's opinion that the defendant "deviated from the applicable standard of care and that[,] by that action[,] caused injury to the plaintiff." See, *Minnesota Statutes Section 145.682, Subdivisions 2 and 3(a).* Sitter contends that this statutory requirement effectively precludes her commencement of a lawsuit, since the pertinent medical records are insufficient to permit an expert to responsibly conclude that her husband's death was caused by professional malpractice.[1] As a result, Sitter seeks leave to take the depositions of five individuals who may have information which would assist her in evaluating the propriety of a malpractice claim.

In turn, the Mayo Clinic argues that Rule 27, Federal Rules of Civil Procedure, is not intended to permit discovery prior to the commencement of an action but, rather, is intended to preserve testimony that would, otherwise, be unavailable prior to the filing of

---

1. At the time of the Hearing, which was conducted by telephone, counsel for Sitter proposed to call the decedent's former family physician to verify the absence of sufficient information to allow an opinion on whether medical negligence caused the decedent's death. Given the absence of notice that a witness would be called to testify, we denied Sitter's request to elicit the expert's testimony. Nevertheless, for our purposes here, we assume, for the argument's sake, that the pertinent medical notations are foundationally inadequate to allow an informed medical judgment as to the existence of actionable medical malpractice.

a Complaint. Accordingly, the Clinic maintains that, allowing the discovery that Sitter proposes, would contravene the very purposes which prompted the enactment of Section 145.682. As the Clinic correctly notes, without significant exception, the relevant case law does not allow the deployment of Rule 27 so as to conduct pre-Complaint discovery. See, *Penn Mutual Life Ins. Co. v. United States*, 68 F.3d 1371, 1376 (D.C.Cir. 1995) ("A Rule 27(a) deposition 'may not be used as a substitute for discovery.'"); *Nevada v. O'Leary*, 63 F.3d 932, 936 (9th Cir.1995); *Ash v. Cort*, 512 F.2d 909, 911 (3rd Cir.1975); *In re Application of Checkosky*, 142 F.R.D. 4, 7 (D.D.C.1992); *In re Boland*, 79 F.R.D. 665, 668 (D.D.C.1978). Here, because the testimony of the proposed deponents is unknown to Sitter, she is wholly unable to set forth the substance of the testimony that she would hope to preserve by the taking of the pre-action depositions. See, *Nevada v. O'Leary*, supra at 936.

In response, Sitter underscores that portion of Rule 27(a)(3), which authorizes the Court to allow the taking of pre-Complaint depositions "[i]f the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice." Relying upon the Court's holding in *In the Matter of the Petition of Alpha Industries, Inc.*, 159 F.R.D. 456 (S.D.N.Y.1995), Sitter contends that she is unable to determine the legitimacy of any lawsuit against the Clinic unless she can explore the recollections of the Clinic's health care professionals who attended to her husband's medical needs. We decline, however, to accept the Court's holding in *Alpha Industries* as a correct statement of the controlling law, as the reasoning which led to that result is unconvincing. More importantly, even if we were to accept *Alpha Industries* as conforming to what we believe to be the law of this Circuit, we would decline to adopt the rule expressed there for reasons of Federalism. Cf., *In re Testimony of Arthur Andersen & Co.*, 832 F.2d 1057, 1058 (8th Cir.1987).

Whatever may be said for the laws of New York, where the dispute in *Alpha Industries* arose, the Minnesota Supreme Court has confronted the same issue that is presented here, and has concluded that depositions, pursuant to Rule 27, Minnesota Rules of Civil Procedure, should not proceed in advance of the filing of a Complaint, in order to allow a plaintiff to explore the potential that a medical provider had committed actionable malpractice. See, *Sandmann v. Petron*, 404 N.W.2d 800, 801 (Minn.1987). Given this resolution of the precise issue under the laws of the State of Minnesota, we are satisfied that, were we to adopt a different result, we would merely be promoting the type of forum-shopping that the principles of Federalism are intended to avoid. See, *Hanna v. Plumer*, 380 U.S. 460, 463–64, 85 S.Ct. 1136, 1140, 14 L.Ed.2d 8 (1965); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Obviously, it would not require great sagacity for the practitioner, in the State of Minnesota, to select his forum for the conduct of Rule 27 "discovery" depositions, were we to accede to Sitter's Petition and allow a discovery device in the Federal Courts that is denied under paralleling State law.

Lastly, even if we were to conclude that our application of Rule 27 was properly a matter of Federal "housekeeping," which should remain unaffected by countermanding principles of State law, we would reject Sitter's application. As the Courts in Minnesota have repeatedly recognized, "[t]he primary purpose of [Minnesota Statutes Section 145.682] is 'to eliminate nuisance malpractice suits by establishing a process where affidavits of expert review are required to verify the lawsuit's validity." *Oslund v. United States*, 701 F.Supp. 710, 713 (D.Minn.1988), quoting *Parker v. O'Phelan*, 414 N.W.2d 534, 537 (Minn.App.1987), aff'd by an equally divided Court, 428 N.W.2d 361 (Minn.1988). We see no furtherance of this unmistakable legislative intent were we to permit the taking of depositions, which could impose substantial nuisance expense upon medical practitioners and, indeed, such permission would circumvent the process of expert review that the Minnesota Legislature has so carefully formulated.[2]

2. We understand that Sitter has some concern

that a failure to grant her application could re-

Accordingly, we find Sitter's application to be without merit, and we deny her request to take pre-Complaint, Rule 27 depositions.

NOW, THEREFORE, It is—

ORDERED:

That the Petition for Depositions Prior to Bringing Action, pursuant to Rule 27(a), Federal Rules of Civil Procedure, is denied in all respects.

sult in a constitutional denial of substantive due process as she would, quite effectively, be refused the right to proceed with a claim for damages merely because the target of her claim is one or more medical providers. Of course, Sitter provides no authority for her constitutional argument, and we regard the concerns expressed to be unfounded given the existing interpretations of Section 145.682. See, e.g., *Bellecourt v. United States*, 784 F.Supp. 623 (D.Minn.1992), aff'd in part, appeal dismissed in part, 994 F.2d 427 (8th Cir.1993), cert. denied, —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 371 (1994); *Oslund v. United States*, 701 F.Supp. 710 (D.Minn.1988); *Parker v. O'Phelan*, 414 N.W.2d 534 (Minn.App. 1987), aff'd by an equally divided Court, 428 N.W.2d 361 (Minn.1988). As we did at the time of the Hearing in this matter, we underscore that the issue before us is an extremely narrow one, and that is the sole issue that we are called upon to resolve.