124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michal WARTELL; Terrence Wartell, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-16547.
 United States Court of Appeals, Ninth Circuit.
 Submitted** Sept. 19, 1997.
Filed Sept. 24, 1997.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-95-00103-JMR; John M. Roll, District Judge, Presiding.
 BEFORE: ALDISERT***, SNEED and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an appeal by Michal Wartell and her husband from adverse summary judgment on their Federal Tort Claims Act claims, which arose out of a sexual relationship between a therapist and his former patient. The district court held the Wartells' claims are barred by the statute of limitations and by the FTCA's jurisdictional requirement that the tortious conduct occur within the scope of the tortfeasor's employment.
 
 
 3
 Appellants Michal Wartell (hereinafter "Wartell") and her husband, Terrence Wartell, filed Federal Tort Claims Act actions on June 16, 1993, and September 8, 1993, respectively. They alleged that Russell Braendlein, a therapist employed by the U.S. Air Force, committed professional malpractice by engaging Wartell in a sexual relationship. Appellants also filed a negligent-supervision claim against Braendlein's supervisors. The United States was substituted as the Defendant and subsequently filed a motion for summary judgment on the grounds that the statute of limitations had run and Braendlein's conduct was outside the scope of his employment. The district court treated both issues as jurisdictional questions, considered them as though brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and granted Defendant's motion on both grounds. We will affirm.
 
 
 4
 Appellants argue that the court erred in determining that it Lacked jurisdiction on the ground that their claims are time-barred and on the ground that Braendlein's sexual relationship with Wartell occurred outside the scope of his employment as a therapist with the U.S. Air Force. Wartell contends her claims are not time-barred because the effect of her mental-health problems rendered her unable to understand or act upon information she received indicating that her relationship with Braendlein caused her harm. She argues that the statute of limitations did not begin to run until she understood the nature of her injury and had the capacity to file suit. Wartell also contends that the court should equitably toll the statute of limitations because her alleged lack of capacity to file suit was caused by the Defendant's negligence, to wit, Braendlein's mishandling of the transference phenomenon. We disagree on all contentions.
 
 I.
 
 5
 As a preliminary matter, Wartell argues that the court erroneously treated the government's motion for summary judgment on statute-of-limitations grounds as a jurisdictional question raised under Rule 12(b)(1), Federal Rules of Civil Procedure. She contends the motion should have been treated as one for summary judgment. We need not resolve this issue because Wartell has not Established that any material jurisdictional facts are in dispute. Even when the summary-judgment standard is applied and the facts are considered in a light most favorable to Wartell, the United States was entitled to summary judgment. See Rosales v. United States, 824 F.2d 799, 803 (9th Cir.1987).
 
 
 6
 We must decide whether a claim under the Federal Tort Claims Act "accrues" when plaintiffs know both the existence and cause of their injury, or at a later time when they also know that the acts inflicting the injury may constitute malpractice. The FTCA provides:
 
 
 7
 A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues....
 
 
 8
 28 U.S.C. § 2401(b). The Supreme Court has held that accrual of a claim need not await a plaintiff's awareness that the injury was negligently inflicted. Notice of the injury and its cause normally are sufficient to trigger the limitations period. United States v. Kubrick, 444 U.S. 111, 115 (1979). See also United States v. Simmons, 805 F.2d 1363, 1366 (9th Cir.1986). Accordingly, a medical-malpractice claim accrues under the FTCA "when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, both the injury and its cause." Rosales, 824 F.2d at 802.
 
 
 9
 Wartell argues that Simmons "requires a holding that a claim does not accrue until the patient has stabilized to where they are capable of understanding that their harm flowed from the therapists [sic] abuse of trust, evaluate the information and act." Appellants' Br. at 17. Simmons does not go that far. There, we reiterated the rule that knowledge of the existence and cause of an injury triggers the statute of limitations. We simply placed emphasis on the need for actual knowledge in cases where the injury and cause are complicated and subtle. Simmons, 805 F.2d at 1366.
 
 
 10
 As in the case at bar, the injury in Simmons involved a therapist's mishandling of the transference phenomenon. The district court found:
 
 
 11
 She did not know until February 1983, when her psychiatrist first diagnosed her problem, that her counselor's improper handling of the transference phenomenon had caused the emotional and psychological damage she suffered.
 
 
 12
 Id. at 1367 (emphasis added). We held that such a finding was not clearly erroneous. Here, the district court concluded that "at the latest Dr. Petro informed plaintiff of her psychological injury in 1988 or early 1989." The court's finding was not clearly erroneous. Wartell stated in her deposition that Dr. Petro discussed the transference phenomenon with her and informed her that a relationship with her former therapist was destructive. E.R. Tab 63 Ex. A, Vol. IV at 145-146. Wartell also indicated that as early as 1986 she sought help from a chaplain because she thought her relationship with Dr. Braendlein was destructive. The chaplain told her she should see a lawyer, and she did.
 
 
 13
 By 1986, Wartell unequivocally knew she was harmed by Dr. Braendlein's conduct. By 1988 or 1989, she knew her psychological problems were caused by Dr. Braendlein's mishandling of the transference phenomenon. Her inability to completely comprehend the transference phenomenon does not preclude the statute of limitations from beginning to run when she first learned of her injury and its cause. What she knew and when she knew it are questions of fact. On review, we conclude that the court's findings on these facts were not clearly erroneous. See, e.g., Simmons, 805 F.2d at 1368.
 
 
 14
 Wartell's equitable-tolling argument is also without merit. Equitable tolling is applicable to suits against the government. Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990). However, Irwin offers no guidance in this case and Appellants' reliance on Oslund v. United States, 701 F.Supp. 710 (D.Minn.1988), is misplaced.
 
 
 15
 Citing this court's Simmons decision, the Oslund court stated:
 
 
 16
 [W]hen a plaintiff's mental incapacity is the result of the government's alleged negligence, and the injury limits the plaintiff's capacity to comprehend his injury and its cause, tolling may be appropriate.
 
 
 17
 Id. at 712. Our teachings in Simmons do not support such a proposition because we expressly declined to address the equitable-tolling question in that case. Resolution of the tolling issue was unnecessary because the district court ruled--as we today hold--that the statute began to run when the patient first learned of the existence and cause of her injury; and the effect of that rule brought the Simmons plaintiff's claim within the limitations period.
 
 
 18
 The cases on which Wartell relies make clear that mental incompetence, alone, does not generally justify tolling the FTCA statute of limitations. Oslund, 701 F.Supp. at 712 (citing Casias v. United States, 532 F.2d 11339, 1342 (10th Cir.1976); Greenberg v. McCabe, 453 F.Supp. 765, 768 (E.D.Pa.1978) (citing Restatement (Second) of Torts §§ 283B, 283C (1965), W. Prosser, The Law of Torts § 32 at 151-154 (1971))). The plaintiff's mental condition is, however, a factor to be considered in determining when individuals discover the existence and probable cause of their injury. Greenberg, 453 F.Supp. at 768.
 
 
 19
 The cases are fact-specific and we must adhere to the record in this case. Wartell has not established facts that place her condition among those mental incapacities that would justify extending the date of discovery of an injury and its cause. Accordingly, we will not disturb the court's grant of summary judgment on the grounds that Appellants' claims are time-barred and equitable tolling of the limitations period is unjustified.
 
 II.
 
 20
 Alternatively, Wartell appeals the district court's determination that it lacked jurisdiction under 28 U.S.C. § 1346(b) because the tortious activity occurred outside the scope of Braendlein's employment. The government contends the alleged wrongdoing was outside the scope of Braendlein's employment as a therapist with the U.S. because the sexual relationship did not begin until January 1981, after the therapist-patient relationship was terminated. We need not address this issue because we affirm the court's finding that the claims are barred by the statute of limitations. However, we will briefly address the scope-of-employment question because it was an independent basis for the district court's judgment. We conclude that the court did not err.
 
 
 21
 The parties agree that California law applies, and California law makes clear that Braendlein's conduct--if tortious at all--occurred outside the scope of his employment. Scope-of-employment determinations invoke the principles of respondeat superior. Wilson v. Drake, 87 F.3d 1073, 1076 (9th Cir.1996). Wartell disputes that her therapist-patient relationship with Braendlein terminated when she moved to Tucson. She argues that the relationship was ongoing because of the telephone counseling Braendlein provided. At best, her argument has merit only until November 1978.
 
 
 22
 In September 1978, the Appellants moved to Tucson and Wartell began telephoning Braendlein approximately two weeks later. In November 1978, Braendlein advised Wartell that she should see a therapist to address emotional problems she was experiencing. E.R. Tab 86 Ex. A, Vol. III at 71, 75. By that date, both Braendlein and Wartell clearly understood that he was not her therapist. Accordingly, Wartell took Braendlein's advice and in November 1978 began therapy with Dr. Cervantes, a psychologist at Davis Monthan Air Force Base. These facts are undisputed and the only inference to be drawn from them is that Wartell's and Braendlein's therapist-patient relationship terminated no later than November 1978.
 
 
 23
 With the therapist-patient relationship terminated in 1978, and the first sexual encounter not occurring until January 1981, the question is whether a therapist's sexual relationship with a former patient more than two years after termination of the therapist-patient relationship is within the therapist's scope of employment for purposes of the FTCA. Wartell suggests the court should adopt a "once a patient, always a patient" theory. We decline to do so because the concept is not supported by California law. Poliak v. Board of Psychology, 63 Cal.Rptr.2d 866 (Cal.Ct.App.1997) (rejecting the "once a patient, always a patient" theory and holding that revocation of psychologist's license based on her sexual relationship with a patient was unwarranted because the relationship occurred after the therapy terminated). The court in Poliak found noteworthy that the California Legislature has indicated that sexual relationships with former patients are outside the scope of activities for which therapists may be professionally disciplined unless certain factors, not present here, exist.
 
 
 24
 We are satisfied that Wartell's therapy with Braendlein terminated no later than November 1978, when Braendlein told her she should see a therapist and Wartell began seeing a new doctor. Therefore, the alleged tortious conduct occurred outside the scope of Braendlein's employment with the U.S. and the court correctly held that it lacked jurisdiction over Appellants' claims.
 
 
 25
 We have considered all arguments advanced by the parties and have concluded that no further discussion is necessary. AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 **
 * Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3