Leroy E. MARTINEZ, Plaintiff,

v.

Alfred G. GARCIA, M.D., Defendant.

No. CIV.A. 98–WM–2810.

United States District Court,
D. Colorado.

Aug. 3, 1999.

Douglas I. McQuiston, Law Offices of Taylor & McQuiston, Aurora, CO.

Lee Allen Hawke, Trinidad, CO.

Michael P. Bahr, Renee Vigil Kreidle, Littleton, CO.

## ORDER ACCEPTING RECOMMENDATION OF MAGISTRATE JUDGE

MILLER, District Judge.

This matter is before me on the recommendation of United States Magistrate Judge Donald E. Abram that I grant the Defendant's motion to dismiss for failure to prosecute and Defendant's motion to strike and to dismiss. Plaintiff failed to object to the recommendation and is therefore not entitled to *de novo* review. *See* 28 U.S.C. § 636(b)(1).

After review of the file, the recommendation issued by Magistrate Judge Abram is ACCEPTED. Accordingly, it is ORDERED that:

1. Defendant's motion to for failure to prosecute is granted.

2. Defendant's motion to strike and to dismiss is granted.

3. Plaintiff's complaint shall be dismissed with prejudice.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ABRAM, United States Magistrate Judge.

This matter comes before the Court regarding the Motion to Dismiss for Failure to Prosecute, filed January 12, 1999, and Defendant's Motion to Strike Certificate of Review and to Dismiss, filed February 22, 1999. Plaintiff filed a response to the motion to dismiss for failure to prosecute on February 12, 1999. Defendant replied on February 19, 1999. Plaintiff did not respond to the motion to strike. United States Magistrate Judge Donald E. Abram held a hearing on these motions on May 27, 1999. Magistrate Judge Abram hereby makes the following recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the Special Order of Reference to Magistrate Judge of April 23, 1999.

### I. BACKGROUND

This matter is a medical malpractice case which was originally filed in Las Animas County District Court in 1994. Defendant removed the case to this Court in 1998. Defendant was not served with a summons and complaint until December 2, 1998. The allegedly negligent medical care by Defendant occurred in January 1993.

### A. Motion to Strike Certificate of Review and to Dismiss

██ In Colorado, in actions alleging malpractice by a professional, the plaintiff's attorney is required to file a certificate of review within sixty days after the service of the complaint. The certificate of review statute is substantive law and applies to professional negligence actions brought in federal court under diversity jurisdiction. *Trierweiler v. Croxton & Trench Holding Corp.,* 90 F.3d 1523, 1541 (10th Cir.1996); *Hill v. United States,* 751 F.Supp. 909, 910 (D.Colo.1990). The statute provides, in part, as follows:

(1) In every action for damages or indemnity based upon the alleged professional negligence of ... a licensed professional, the plaintiff's or complainant's attorney shall file with the court a certificate of review for each ... licensed professional named as a party, as specified in subsection (3) of this section, within sixty days after the service of the complaint, counterclaim, or cross claim against such person unless the court determines that a longer period is necessary for good cause shown.

\* \* \* \* \* \*

(3)(a) A certificate of review shall be executed by the attorney for the plaintiff or complainant declaring:

(I) That the attorney has consulted a person who has expertise in the area of the alleged negligent conduct; and

(II) That the professional who has been consulted pursuant to subparagraph (I) of this paragraph (a) has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct and, based on the review of such facts, has concluded that the filing of the claim, counterclaim, or cross claim does not lack substantial justification within the meaning of section 13–17–102(4).

\* \* \* \* \* \*

(c) In an action alleging professional negligence of a physician, the certificate of review shall declare that the person consulted meets the requirements of section 13–64–401; or in any action against any other professional, that the person consulted can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience, the consultant is competent to express an opinion as to the negligent conduct alleged.

(4) The failure to file a certificate of review in accordance with this section shall result in the dismissal of the complaint, counterclaim, or cross claim.

Colo.Rev.Stat. § 13–20–602 (1998).

The Colorado statute regarding qualifications for an expert witness in a medical malpractice action, referenced in the certificate of review statute, provides, in part, as follows:

No person shall be qualified to testify as an expert witness concerning issues of negligence in any medical malpractice action or proceeding against a physician unless he not only is a licensed physician but can demonstrate by competent evidence that, as a result of training, education, knowledge, and experience in the evaluation, diagnosis, and treatment of the disease or injury which is the subject matter of the action or proceeding against the physician defendant, he was substantially familiar with applicable standards of care and practice as they relate to the act or omission which is the subject of the claim on the date of the incident.

Colo.Rev.Stat. § 13–64–401 (1998).

In this case, there is no dispute that expert testimony is required to establish Plaintiff's claim. Plaintiff's attorney filed a certificate of review on February 12, 1999. As service of the complaint occurred on December 2, 1998, the certificate of review was filed more than sixty days after service of the complaint. Thus, the statute requires dismissal of the action unless Plaintiff can show good cause for the failure to comply with the time requirements of Colo.Rev.Stat. § 13–20–602(1). *See Martinez v. Badis,* 842 P.2d 245, 251 (Colo.1992). Here, Plaintiff has failed to provide any explanation for the failure to timely file the certificate. In fact, although one of Plaintiff's attorneys appeared at the hearing on this matter, Plaintiff did not even file a response to the motion. At the hearing, there was no showing of good cause under the circumstances.

■ Notwithstanding the failure to comply with the statute's time requirements, the certificate of review is deficient for other reasons. In an unsworn affidavit attached to the certificate, Plaintiff's attorney, Lee Allen Hawke, states that he spoke with Plaintiff's attending physician, Dr. Sally Fabec, regarding the alleged injury suffered by Plaintiff. Hawke states that Fabec opined that "the injury suffered by Leroy E. Martinez at the hands of Dr. Garcia was the clearest case of Malpractice [sic] that she had ever seen in all the years that she had been practicing medicine and that he was just plainly lucky to be alive after Dr. Garcia's operation." (Hawke Aff., at ¶ 3.). The certificate fails to comply with Colo.Rev.Stat. § 13–20–602(3)(c) in that it does not declare that Dr. Fabec, a physician practicing internal medicine, can demonstrate that her training, education, knowledge, and experience qualifies her to express an opinion as to the negligent conduct in performing laser surgery by a general surgeon. The certificate fails to set forth the procedures that constitute a prima facie case of professional negligence and that the facts constitute a substantial justification to believe that malpractice has occurred. *Trierweiler,* 90 F.3d at 1542. For these additional reasons, Plaintiff has failed to comply with the certificate of review statute.

THEREFORE, IT IS RECOMMENDED that Defendant's Motion to Strike Certificate of Review and to Dismiss be GRANTED.

## B. Motion to Dismiss for Failure to Prosecute

Defendant has also filed a motion to dismiss because the lawsuit was filed in January 1994, yet Plaintiff did not serve a summons and complaint on Defendant or otherwise prosecute the action until December 2, 1998. As this matter was not removed to this Court until December 1998, after Plaintiff served the complaint, the Colorado Rules of Civil Procedure applied for the time relevant here. Under Colo.R.Civ.P. 3(a), no time limitation is specified for service of process after the

filing of a complaint. Courts have interpreted the rule to require service within a reasonable time, and if the status of service is challenged, a showing must be made to justify the delay in effecting service of process. *Nelson v. Blacker,* 701 P.2d 135, 137 (Colo.Ct.App.1985).

In this matter, Plaintiff states in his response that after filing the lawsuit, Plaintiff's attorney attempted to serve Defendant by the Las Animas County Sheriff's Department. According to the response, members of the sheriff's department informed Plaintiff's attorney, Lee Allen Hawke, that Defendant had left town and gone to Mexico. Plaintiff's attorney contends that Mr. Hawke actively sought to locate Defendant over the next two years but did not succeed. Plaintiff's attorney states that in June 1996, Plaintiff informed Mr. Hawke that he had heard Defendant was practicing medicine in Illinois. Thereafter, Mr. Hawke allegedly attempted to locate Defendant in Illinois by a letter to the Illinois Department of Professional Regulation but did not receive a response.

■ Defendant has submitted a sworn affidavit in which he states that he practiced medicine in Trinidad, Colorado until March 1996. At the time he moved to Illinois, he mailed notices to his current patients, published a notice in the local newspaper, and submitted address change notification forms to the State of Colorado Board of Medical Examiners, Mt. San Rafael Hospital, and the postal service. Defendant also has submitted evidence that Mr. Hawke was aware of Defendant's address as of September 1993 because Mr. Hawke represented another party in a separate dispute with Plaintiff. In sum, Plaintiff has failed to demonstrate by an affidavit or any evidence at all that he was unable to locate Defendant for almost five years after filing the complaint. As such, Plaintiff has failed to provide any justification for the delay in serving Defendant.

THEREFORE, IT IS RECOMMENDED that the Motion to Dismiss for Failure to Prosecute be GRANTED.

FURTHER, IT IS ORDERED that pursuant to Fed.R.Civ.P. 72(b), the parties have ten (10) days after service hereof to serve and file written, specific objections to the findings of fact, conclusions of law, or recommendations of the Magistrate Judge with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file such written specific objections to the findings of fact, conclusions of law and recommendations of the Magistrate Judge as set forth in this document **will bar** the party from a *de novo* determination by the District Judge. *United States v. Raddatz,* 447 U.S. 667, 676–83, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Additionally, the failure to file written specific objections to the findings of fact, conclusions of law or recommendations of the United States Magistrate Judge in this document within ten (10) days after being served with a copy **will bar** appellate review of the findings of fact, conclusions of law or recommendations of the Magistrate Judge. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Talley v. Hesse,* 91 F.3d 1411 (10th Cir.1996).

July 14, 1999.